COALTER, Judge.
I am of opinion, that after the various decisions in this court on that subject, it no longer remains a question, but that a failure to deliver any part of the property mentioned in a forthcoming bond, is a forfeiture of the bond; unless indeed, such failure shall be occasioned by the act of God, or destruction of the property by inevitable accident, concerning which, I at present, give no opinion.
On the other hand, it is well established I think in the case of Pleasants v. Lewis, 1 Wash. 273, that where a part of the property is delivered, the sheriff is bound to receive the same, and to proceed therewith, in the same manner, as if the whole had been delivered; and that the avails thereof, on a sale made by him, shall be applied, in whole or in part discharge of the execution, as the case may be: and if the latter, that the award of execution in the bond, should be limited to the balance then appearing due on the execution.
I am further of opinion, that had the ap-pellee Fenwick been present on the day of sale, he would not have been bound to increase those avails, and to put himself in jeopardy, by giving an indemnifying bond against the deed of trust, which was exhibited to prevent the sale, even if it had been stated by his debtor or the security in the delivery bond, that the deed was fraudulent or that the debt had been paid: he had a right, even in that case, to stand on the forfeiture of the bond, leaving it to the sheriff and the surety to take such steps as behooved them, in relation to the property thus under execution. Should he interfere, and by giving bond, procure a sale of the property as if unincumbered, and be after-wards cast in a suit by the trustees, he might ultimately lose his debt. Whereas, had all the property been delivered, he might have elected to indemnify or not, or to sell, subject *to the deed, and in either event, be intitled to his second execution, when the proceedings on the first were at an end. The forfeiture of the bond though, discharges the first judgment, and were he to be obliged to indemnify, and afterwards be cast by the trustees, so as, in effect, to receive but little, or perhaps no part of his debt, he could not re-issue his execution, either on the original judgment, or on the delivery bond; and if he could, other creditors may, during this delay, have swept off the property of his debtor.
All this mischief, would result not by reason of any default in him, but by the fault or misfortune of the other party in forfeiting his bond. If then, he would not be bound to indemnify, in the case supposed, a fortiori he would not, if the deed of trust was bona fide, and the debts thereby secured really due, which seems to be the case admitted by the bill: in fact, it seems there was no dispute about the right of property. It was Buck’s, subject to a deed to secure debts, about which there appears no dispute. Why the property was not sold subject to the incumbrance, if that could be done, if undisputed, or if disputed why the sheriff did not at the instance of the surety, file a bill to have this matter determined, and a fair sale of the property, does not appear. It may have been because the appellant was satisfied, that nothing could be made out of that property towards satisfying the appellee’s debt; or he and the sheriff may have thought, although no notice was given, or bond demanded, that the property might be restored in this case, in the same manner, as if it had all been delivered, notice given, and bond required, and that thereby, the loss if any, would fall on the appellee.
If the sheriff was in fault in restoring the property', in relation to which however the b'ill imputes no blame to him; and if the appellant has been injured thereby, it is so far from being an injury arising from the fault of the appellee, that it seems to be one which took place, if not *by the connivance, at least by the tacit assent of the appellant himself. But whether the sheriff has subjected himself to his action or not, is not now to be settled. Suffice it, that be that as it may, the appellee cannot, on this ground, be delayed in recovering his just debt, and enforcing his legal remedy. But it is said, that the bond has been forfeited in consequence of inevitable accident, and consequently this court must relieve. But how can this court save the forfeiture, if the court where the bond was to become a judgment, in discharge too of a precedent judgment, could not? Say that it was an accident without the control of the party, and that the appellant and appellee are both innocent; but if a loss is to accrue, who ought to bear it? He who encountered the risk of taking the property from the custody of the law, or he who had no agency in producing the accident? And if either party is obliged to. look to the ability of Buck to do justice,, who ought that to be? he who trusted most, or he who trusted not? But if they stood equal, then he who has the law on his side, and especially if he is defendant, must prevail. I think, therefore, the decree must be affirmed.
ROANE, Judge.
This is a bill brought by the appellant against the appellee, and William C. Williams, for whose benefit the appellee obtained a judgment upon the forthcoming bond in the proceedings mentioned. It is brought by the appellant as the surety thereto; and to be relieved against the effect of the said judgment; and it is brought only against the creditors, omitting the sheriff, by whose acta, taken in conjunction with the default of the appellant himself, the injury complained of was produced. It is brought against a creditor who is entirely' free from any kind of misconduct; who remained quiet during the whole progress of the execution, and *in whose favour the judgment now complained of, followed, as the regular consequence of the default of the appellant. The particular ground of relief set up by the appellant is, that the slave Peter, who was not produced on the day appointed for the sale, was absent through. *862 no default of the appellants, and, if produced, was .not as is alleged, liable to the execution, and could not consequently, as is further alleged, have- been sold to satisfy it.
The variety of these allegations will be inquired into; but I’will first take a brief view, on general principles, of the liabilities of the respective parties.
As to the creditor, I take it to be clear law, that he is not bound to do any thing but sue out his execution ; unless indeed he is duly required to give the indemnity bond provided by our statute, which he may give or not, at his election. He is, with this exception, at liberty to remain neutral; and the sheriff is to take .his own measures in relation to any difficulties which may arise, respecting the title of the goods taken in execution. This doctrine, to be found every where, is strongly admitted by this court in the case of Baird v. Rice. (a) In that case, the creditor was made liable, because and only because he volunteered himself into the business, and in effect released the property which had been taken in execution. The exception admitted in that case proves the general doctrine to be, as I have stated; as also does the general tenor of the terms of the decision itself.
With respect to the parties to the forthcoming bond, the property is at their risk, and they undertake, that it shall be delivered. In case of a non-delivery of any part of such property, the bond is considered forfeited; it is to have the force of a judgment by the terms of the act, and an execution is to go- for the whole. It is true indeed, *that the sheriff may sell the part delivered, and credit the amount thereof on the execution, (b) But subject to that exception, the parties to the bond are to submit to the judgment, unless there be some particular circumstances in their case, to be relied on, for their relief, other than that of the mere non-delivery of the property. To go into the circumstances, which prevented the delivery of the property, would throw upon the creditor an enquiry to which he is an utter stranger, and repeal that provision of the act which says the property restored under the forthcoming bond is to be at the risk of the seller.
As to the responsibility of the sheriff, he acts at his peril, respecting the title of the goods seized; and it is said(c) that inconveniences would ensue, if this were not the case; and acting at his peril, the general principles of law afford him various means (d) of ascertaining in whom the title is. An act on the subject of indemnity bonds was made for the case of the sheriff, and exonerates him from his common law responsibility, in all cases, in which the bonds required by the act is given; but where that is not required by him, the common law responsibility is supposed to continue. (e) It is however unimportant in this case, whether that common law responsibility continues or 'not. The sheriff omitted to take any measures respecting the sale of the slaves in question. There is no pre-tence to say, that this inquiry should not be made by him, in relation to property delivered up, under a forthcoming bond. The sheriff’s lien on it is not lost by the temporary delivery to the owner(f) which is only considered an exception out of it; he may as in other cases, return the property until *the question of the title is fully settled; and in case of a dispute, is, at his own peril to do it.
It is readily admitted, that though our act gives to a forfeited forthcoming bond the force of a judgment, that judgment may, under some circumstances, be relieved against. In the case oi; Lusk v. Ramsay (g) the property was in effect delivered up, by being already in the hands of the sheriff, or if not so considered, the non-delivery was entirely owing to the officer. It would have been outrageous not to have relieved in that case. In that case, the surety stood contrasted with the present appellant in this strong circumstance, that he had committed no default whatever. I lay down the broad proposition, however, that such judgment is not to be relieved against on the single ground, that it flowed from a non-delivery of a part only of the property, however minute. In that case, the judgment (under an act,) is to be considered as analogous to a covenant, secured by a sum agreed on, as stipulated damages, against which, equity will not relieve, on general principles, (h) Nor ought such a judgment to be relieved against, in prejudice of an innocent creditor, on the ground that a due degree of diligence on the part of the officer, might have prevented a rendition : in that case the creditor who has the law on his side will hold it, and the obligor or his surety, have his redress over, against the defaulting officer.
In the case before us, while the appellant is in default in not having complied with the condition of his bond, the appellee’s conduct is entirely faultless. It is entirely unimportant, whether he knew of the alleged incumbrance or not. Knowing it or not knowing it, he had a right to lay by and permit the sheriff to struggle with the difficulty. It was no concern of his, unless he was duly notified of the claim, and duly required to give an indemnity bond under our act. No such notice was *given nor requisition made. It is true the sheriff states, that his attorney was notified of the time and place of sale; but that falls far short of imposing on him an obligation, to give the bond, or take any measures whatever in relation to the subject. On the other hand the appel-lee swears, that he had no knowledge that the deed of trust embraced the property in question, or the amount of debts it was intended to secure. That deed is not in this record nor is shewn to have been recorded: there was then no means whereby the ap-pellee (even had it been his property) could have informed himself as to the existence of this fact. He is therefore perfectly free from blame in this business, and besides *863 stands bottomed upon a regular and legal judgment.
The counsel for the appellant have taken the bold ground, that this property if it had been delivered up, could not have been sold by the sheriff. Were this fact so, it might possibly have made a difference: but in this, I think, he is clearly mistaken. Had the sheriff done his duty, the deed of trust might have proved to have been fraudulent. It might have been merely to secure a trivial, or satisfied debt. It might by due diligence have been cast aside, and the property left free, to satisfy the execution ; or if the debt secured thereby was small, the ne-groes might perhaps have been sold, subject to that incumbrance. None of these things, were done by the sheriff, and it may be by his misconduct, that the judgment in question has been rendered. He undertook to do that, which he was not authorised to do under the existing circumstances. His conduct therefore, may have been entirely illegal ; and if any injury has been done to the appellant, that sheriff who acts at his peril, and has the means of acting rightly, ought to compensate it. As however, the sheriff is not made a party to this suit, the ap-pellee should not be detained in court a moment on his account. He is entirely distinct from the sheriff in this business; and his case entitles him to a decree *of dismissal: and the opinion of the court is, that the decree dismissing the bill should be affirmed.

(a) 1 Call, p. 19.

(b) 1 Wash. 274, Pleasants v. Lewis.

(c) 1 Burr 33, Cooper, &c. v. Chitty.

(d) Ibid.

(e) 5 M. 290, Stone v. Pointer.

) 3 Munf. 117, Lusk v. Ramsey.

s) 4 Munf. 417.

b) 1 Fonbl. 149.